IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **TALEHA HOLMES**, an individual, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | |
| | ) | |
| **MARKET SOLUTIONS GROUP, INC.** | ) | |
| **d/b/a ZAVOR**. a New Jersey Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, **TALEHA HOLMES** (hereafter referred to as "Plaintiff"), by and through her attorneys, **JOHNSON BECKER, PLLC** and **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**, hereby submit the following Complaint and Demand for Jury Trial against Defendant **MARKET SOLUTIONS GROUP, INC. d/b/a ZAVOR** (formerly known as Zavor America, Inc. a/k/a Fecna America, Inc. f/k/a Fagor America, Inc. and hereafter referred to as "Defendant Zavor"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE ACTION

1. Defendant designs, manufactures, markets, imports, distributes and sells consumer kitchen products, including pressure cookers similar or identical to the subject "Casa Essentials Pressure Cooker," that is at issue in this case.

2. Defendant touts the "safety"[1] of its pressure cookers, and states that its pressure cooker come with "the latest in culinary safety features" including an "automatic locking handle

---

[1] *See*, https://www.zavoramerica.com/zpot-pressure-cooker/ (last accessed January 7, 2022)

1

and silicone gasket to ensure pressure stays in the pot while cooking."[2] Despite Defendant's claims of "safety", it designed, manufactured, marketed, imported, distributed and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

3. Specifically, said defects manifest themselves when, despite Defendant's claims, the lid of the pressure cooker is removable with built-up pressure, heat and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. The Plaintiff in this case was able to remove the lid while the pressure cooker retained pressure, causing her serious and substantial bodily injuries and damages.

4. Defendant knew or should have known of these defects, but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like them.

5. As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, lost wages, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF TALEHA HOLMES

6. Plaintiff Taleha Holmes is a resident and citizen of the city of Vallejo, County of Solano, State of California, and was born on July 9, 1983.

---

[2] *Id.*

7. On or about January 15, 2020, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto the Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed "safety" features which purport to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as the result of Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

**DEFENDANT MARKET SOLUTIONS GROUP, INC. d/b/a ZAVOR**

8. Defendant designs, manufactures, markets, imports, distributes and sells a variety of consumer kitchen products including pressure cookers, juicers, coffee makers, and air-fryers, amongst others.

9. Defendant Zavor's predecessor company, Fagor America, was the United States subsidiary of Fagor Electrodomésticos, a Spanish company. Fagor America was wholly owned by Fagor Electrodomésticos.

10. Fagor Electrodomésticos began a worldwide bankruptcy reorganization in 2008 and in 2013, Fagor Electrodomésticos entered a liquidation process.

11. In 2014, a company called CNA Group purchased Fagor America from Fagor Electrodomésticos. After the reorganization, Fagor America was called "FECNA," a combination of the names of Fagor Electrodomésticos (FE) and CNA Group.

12. While Fagor America (and later, its successor, FECNA) was active, Patricio Barriga served as its General Manager, Vice President, and President.

13. Mr. Barriga held these positions from the founding of Fagor America in 1992 until just before FECNA ceased operations in 2018.

14. In 2018, FECNA entered a second round of bankruptcy proceedings. This second round of bankruptcy proceedings was a liquidation and shutdown, not a reorganization.

15. Accordingly, Mr. Barriga and five others from Fagor America/FECNA decided to start a new company, which they called Market Solutions Group d/b/a Zavor.

16. Today, Defendant Zavor continues the business of the sale of substantially similar or identical pressure cookers[3] utilizing a new brand name and website. Defendant Zavor is therefore a predecessor company of Fagor America/FECNA.

17. Defendant Zavor a New Jersey Corporation, with a principal business located at 125 Broad Ave, Ste 18, North Bergen, New Jersey 07047-1430, and does business in all 50 states. Defendant Zavor is therefore deemed to be a resident and citizen of the state of New Jersey. At all times relevant, Defendant Zavor substantially participated in the design, manufacture, marketing, distribution and sale of similar or identical pressure cookers as the EZ Lock pressure cooker that caused Plaintiff's injuries and damages.

## JURISDICTION & VENUE

18. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

19. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is a resident and citizen of this district.

---

[3] *See Id.*

20. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of New Jersey and intentionally availed itself of the markets within New Jersey through the promotion, sale, marketing, and distribution of its products.

**FACTUAL ALLEGATIONS**

21. Defendant is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the pressure cookers at issue in this litigation.

22. Defendant touts the "safety"[4] of its pressure cookers, and states that its pressure cooker come with "the latest in culinary safety features" including an "automatic locking handle and silicone gasket to ensure pressure stays in the pot while cooking."[5] Despite Defendant's claims of "safety", it designed, manufactured, marketed, imported, distributed and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

23. By reason of the forgoing acts or omissions, the above-named Plaintiff purchased the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

24. Plaintiff used her pressure cooker for its intended purpose of preparing meals for herself and/or family and did so in a manner that was reasonable and foreseeable by the Defendant.

25. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by the Defendant in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the

---

[4] *Id.*
[5] *Id.*

appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

26. Defendant's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

27. Further, Defendant's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

28. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

29. Defendant knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public. Nevertheless, Defendant continues to ignore and/or conceal its knowledge of the pressure cookers' defects from the general public and continues to generate a substantial profit from the sale of its pressure cookers.

30. As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries upon Plaintiff's simple removal of the lid of the Pressure Cooker.

31. Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of Defendant's pressure cooker as described above, which has caused the Plaintiff to suffer

from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of

## SPECIFIC COUNTS

### COUNT ONE
### PURSUANT TO THE NEW JERSEY PRODUCTS LIABILITY ACT
### (N.J.S.A. §2A:58C-1 et. seq.)

32. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

33. This Count is brought pursuant to N.J.S.A. §2A:58C-1 et. seq., the New Jersey Products Liability Act.

34. At the time of Plaintiff's injuries, Defendant's pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

35. Defendant's actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

36. Defendant, under all applicable laws including, but not limited to, the New Jersey Products Liability Act, N.J.S.A. §2A:58C-1 *et. seq*. is liable unto Plaintiff for her injuries and damages for designing, manufacturing, assembling, marketing, distributing, and/or selling the aforesaid pressure cooker that was unreasonably dangerous in construction or composition, in design, because inadequate warnings about the product had not been provided, and/or because the pressure cooker did not conform to the implied and express warranties of the manufacturer about this product.

37. Specifically, Defendant's pressure cookers are unreasonably dangerous due to the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under

pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto the Plaintiff, as it did in this case.

38. Further, a reasonable consumer, including Plaintiff, would not have reason to expect that the subject pressure cooker would retain pressure despite the appearance that all pressure had been released, would not be able detect any such defect, and would not have any knowledge as to how to prevent such an incident occurring.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit and all such other relief as the Court deems proper.

## INJURIES & DAMAGES

39. As a direct and proximate result of Defendant's strict liability, negligence and wrongful misconduct as described herein, Plaintiff have suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff are entitled to recover damages from Defendant for these injuries in an amount which shall be proven at trial.

40. As a direct and proximate result of Defendants' strict liability, negligence and wrongful misconduct, as set forth herein, Plaintiff have incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

41. As a direct and proximate cause of Defendant's strict liability, negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred medical treatment expenses and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the burns she suffered from the incident. Plaintiff is entitled to recover damages from

Defendant for her past, present and future medical and other expenses in an amount which shall be proven at trial.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, together with interest, costs of suit and all such other relief as the Court deems proper.

### JURY TRIAL DEMANDED

42. Plaintiff is entitled to and demands a trial by jury.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

A. On the **FIRST CAUSE OF ACTION,** compensatory damages, interest, attorneys' fees, costs of suit and any such other relief as the Court deems just and proper;

Dated: January 11, 2022

*In association with:*

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

/s/ *Marc Grossman*
Marc Grossman, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
516-741-5600 / 516-741-0128 (fax)
MGrossman@millberg.com

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq.  (#0397289)
*Admission Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
(612) 436-1800 / (612) 436-1801 (fax)
akress@johnsonbecker.com

***Attorneys for Plaintiff***